JAMES McLAUGHLIN, plaintiff in error, *v.* MICHAEL WALSH, defendant in error.

*Error to St. Clair.*

Where a party excepts to the opinion of the Court overruling a motion for a new trial, upon the ground that the verdict is contrary to the evidence, he should incorporate the testimony in a bill of exceptions. Unless he does so, the Supreme Court can know nothing of the evidence. It is not sufficient to file an affidavit purporting to set out the testimony.

Where a party excepts to the decision of the Court, in excluding proof of the execution of a written instrument, in order to avail himself of his exception, he must set out a copy of the instrument in his bill of exceptions.

THIS cause was heard in the St. Clair Circuit Court, at the April term, 1841, before the Hon. Sidney Breese.

J. SHIELDS and J. C. CONKLING, for the plaintiff in error.

LYMAN TRUMBULL, for the defendant in error.

TREAT, Justice, delivered the opinion of the Court:

This was an action of *assumpsit,* brought by Walsh against McLaughlin. The declaration contains the common counts for work and labor done, money had and received, &c. Plea, non assumpsit. The cause was tried by a jury, who found a verdict for Walsh, for $100. McLaughlin moved the Court for a new trial,

(1) 1 Scam. 592.

on the ground that the verdict was contrary to evidence, and set out in his motion what purports to be the evidence in the case, but there is no bill of exceptions certifying it to be such. The Court denied the motion, and gave judgment on the verdict.

There is a bill of exceptions taken in the cause, which is as follows: "Be it remembered, that on the trial of this cause, the defendant offered the articles of partnership in writing, marked A, and upon proof of the absence of the subscribing witnesses, and their residence in the State of Missouri, the defendant, by his counsel, offered to prove the handwriting of one of the subscribing witnesses, and upon being unable to prove the handwriting of the subscribing witness, the defendant offered to prove the handwriting of the plaintiff to the same, which the Court refused, and the defendant excepted," &c.

McLaughlin now assigns for error,

*First.* The Court erred in denying the motion for a new trial; and,

*Second.* In rejecting the evidence set out in the bill of exceptions.

He can take nothing by the first assignment of error. For aught that appears in the record, the Court decided correctly in overruling the motion for a new trial. The party, to present that question in this Court, should have incorporated the testimony in a bill of exceptions. As it is, we know nothing of the evidence on which the verdict of the jury was founded.

We do not conceive that we are called upon to determine the question sought to be presented by the second assignment of error. The articles of partnership referred to, in the bill of exceptions, are nowhere copied into the record. Whether they were between the parties to the cause, or if so, in any manner relevant to the subject matter of the suit, we have no means of determining. The expression of an opinion, therefore, upon the point here sought to be raised, could in no way affect the rights of the parties before us. This Court decided, in the case of Rogers *v.* Hall, (1) that a bill of exceptions was to be esteemed as a pleading of the party alleging the exceptions, and if liable to the charge of ambiguity, omission, or uncertainty, it ought, like any other pleading, to be construed most strongly against the party preparing it. This bill of exceptions is liable to all those charges, and must go for nothing.

The judgment of the Court below is affirmed with costs.

*Judgment affirmed.*

(1) *Ante* 5.